UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| US BANK N.A. AS LEGAL TITLE TRUSTEE FOR TRUMAN 2013 SC3 TITLE TRUST, | ) ) ) ) |
| Plaintiff, | ) Docket no. 1:16-cv-453-GZS ) |
| v. | ) ) |
| HLC ESCROW INC., | ) ) |
| and | ) ) |
| FIRST AMERICAN TITLE INSURANCE COMPANY, | ) ) ) ) ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' MOTIONS TO DISMISS**

Before the Court are Defendants' Motions to Dismiss (ECF Nos. 13 & 24) and Defendant HLC Escrow's Motion to Strike (ECF No. 23). As briefly explained herein, the Court determines that Plaintiff's claims are time barred and therefore GRANTS Defendants' Motions and DENIES AS MOOT the Motion to Strike.[1]

---

[1] After HLC Escrow Inc. ("HLC") filed its Motion to Dismiss, First American Title Insurance Company ("FATIC") filed an "objection" contending that it would be premature to dismiss its co-defendant. (ECF No. 20.) HLC responded with a pleading challenging FATIC's ability to raise such an "objection" and moving to strike the documents that FATIC attached to its filing. (ECF No. 23.) FATIC subsequently moved to dismiss all of US Bank's claims against it. (ECF No. 24.) Because the Court is dismissing all of US Bank's claims, the cross-filings between HLC and FATIC are MOOT. The Court has not considered the disputed attachments (ECF Nos. 20-1 & 20-2) in resolving the Motions to Dismiss but notes that consideration of these documents would not change the Court's decision on the Motions to Dismiss.

**I. LEGAL STANDARD**

The Federal Rules of Civil Procedure require only that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1)-(3). A viable complaint need not proffer "heightened fact pleading of specifics," but in order to survive a motion to dismiss it must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), a defendant may present a statute of limitations defense when the passage of time prevents a plaintiff from stating "a claim upon which relief can be granted." However, the facts supporting the defense must be apparent on the face of the pleadings. Santana-Castro v. Toledo-Dávila, 579 F.3d 109, 113-14 (1st Cir. 2009). Generally, the Court "may consider only facts and documents that are part of or incorporated into the complaint" when resolving any motion brought pursuant to Rule 12(b)(6). United Auto., Aerospace, Agric. Implement Workers of Am. Int'l Union v. Fortuño, 633 F.3d 37, 39 (1st Cir. 2011) (quotation marks omitted).

With this standard in mind, the Court lays out the well-pled factual allegations as they relate to Defendants' statute of limitations arguments.

**II. FACTUAL BACKGROUND**

On April 16, 2007, Douglas and Sara Trask executed a promissory note with original lender Home Loan Center Inc. d/b/a LendingTree Loans ("Lending Tree"). The Note was secured by a mortgage granted to Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for Lending Tree and its successors and assigns, on real property located at Stream Road in

Winterport, Maine (the "2007 Mortgage").[2] HLC Escrow Inc. ("HLC") was the closing agent on the mortgage loan and First American Title Insurance Company ("FATIC") was the title insurer for MERS as nominee for Lending Tree and its successors and assigns.

According to Plaintiff US Bank N.A. as Legal Title Trustee for Truman 2013 SC3 Title Trust ("US Bank"), the 2007 Mortgage accidentally described "an unimproved parcel that was vacant land," as opposed to an "improved parcel with [a] residential structure" on the property. (Compl. (ECF No. 1-2) ¶¶ 7-8.) The 2007 loan refinanced a previous loan to the Trasks that was secured by a mortgage describing the improved parcel. US Bank alleges the value of the property encumbered by the 2005 Mortgage was $230,000, while the value of the property encumbered by the 2007 Mortgage was merely $40,000.

In 2010, as part of the Trasks' personal bankruptcy proceedings, an adversary proceeding was brought to determine what property was covered by the 2007 Mortgage. This proceeding resulted in a June 10, 2011 Judgment finding the mortgage covered only the Trasks' unimproved parcel.[3]

US Bank received an interest in the 2007 Mortgage via Quitclaim Assignment on November 7, 2014.[4] In light of the Trasks' default under the Note and 2007 Mortgage, US Bank filed a foreclosure action and judgment entered in its favor. However, the foreclosure was limited to the unimproved parcel described in the 2007 Mortgage documents. US Bank foreclosed on the property via public sale on April 14, 2015, and was the highest bidder, taking title to the property.

---

[2] A copy of the 2007 Mortgage is attached to the Complaint as Exhibit B. (ECF No. 1-2, Page ID #s 23-40.)

[3] The Complaint and Judgment in District of Maine Bankruptcy Court Adversary Proceeding No. 10-1005 are attached to the Complaint in this matter as Exhibits K & L. (ECF No. 1-2, Page ID #s 82-86.)

[4] In 2009, MERS, acting solely as nominee for Lending Tree, assigned its interest in the 2007 Mortgage to BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P. In 2014, Bank of America, N.A., successor by merger to BAC Home Loans Servicing, assigned its interest in the 2007 Mortgage to US Bank.

Previously, BAC Home Loans Servicing, L.P., US Bank's predecessor in interest, had filed an insurance claim with FATIC on April 8, 2010, which was denied on May 20, 2010, via email.[5] In its denial, FATIC stated, in part:

> From the documents provided, it appears that you are not alleging any title defect as to [a] parcel which is insured. As the Polic[y] insures the same land described in the insured mortgage, and as the mortgagor owned the land on which he granted th[e] mortgage, your assertion that an additional or different parcel was to be encumbered does not give rise to a claim under th[e] Policy.

(Ex. C to FATIC'S Motion to Dismiss (ECF No. 24-3), Page ID # 311.) The same claim was filed and again denied, for the same reasons, in 2011. In a third denial on May 13, 2016, FATIC stated, in part:

> As you are aware, this same claim was previously submitted to us on behalf of the insured by other counsel and denied by the company on May 10, 2010 and February 7, 2011. For the reasons set forth below we renew that denial . . . . The claim is denied because you are not alleging any title defect as to 51 Stream Road, the parcel which is insured. The Policy insures the same land described in the insured mortgage, which the mortgagor owned at the time he granted the mortgage. The assertion that a different parcel, 47 Stream Road, was intended to be encumbered does not give rise to a claim under the Policy.

(Ex. E to FATIC's Motion to Dismiss (ECF No. 24-5), Page ID #s 315-16.)

On August 9, 2016, US Bank filed a complaint in the Maine Superior Court alleging (i) that FATIC's handling of US Bank's insurance claims violated the Maine Unfair Claims Settlement Practices Act ("UCSPA"), 24-A M.R.S.A. § 2436-A (Count I); (ii) unilateral mistake by FATIC resulting from the title insurer's failure to properly describe the improved parcel with the residential structure in the Mortgage's Legal Property Description (Count II); (iii) negligence by FATIC for failing to properly describe the property (Count III); (iv) negligence by HLC for

---

[5] This correspondence was not included with US Bank's Complaint but was attached to FATIC's pleadings. The Court considers this correspondence nonetheless because the authenticity of the records is undisputed and these documents are integral to assessing the timeliness of US Bank's claims. Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33-34 (1st Cir. 2001).

4

closing the loan "despite the obvious discrepancy" between the property described in the 2005 and the 2007 Mortgages (Count IV); and (v) HLC's breach of a general duty of care owed to US Bank (Count V). (Compl. at ¶¶ 33-69.)

**III. DISCUSSION**

HLC and FATIC move to dismiss US Bank's claims as, inter alia, time barred. "Granting a motion to dismiss based on a limitations defense is entirely appropriate when the pleader's allegations leave no doubt that an asserted claim is time-barred." LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998).

The Court agrees with the Defendants that the applicable statute of limitations is the general six-year statute of limitations for civil claims under Maine law. 14 M.R.S.A. § 752 ("All civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards . . . ."); see Drilling & Blasting Rock Specialists, Inc. v. Rheaume, 147 A.3d 824, 828 (Me. 2016) (noting "the six-year limitations period generally applicable to civil actions"). Because US Bank has not alleged fraud or concealment by the Defendants, the limitations period began to run on US Bank's claims against HLC in 2007 when HLC closed on the mortgage documents containing the allegedly erroneous legal description of the property to be encumbered. See Johanson v. Dunnington, 785 A.2d 1244, 1246 (Me. 2001) (plaintiffs were required to file their claims regarding negligence and breach of contract arising from a mortgage deed that failed to disclose an easement within six years of the closing date pursuant to 14 M.R.S.A. § 752). Regarding the claims against FATIC, even conceding, in the best-case-scenario for US Bank, that the clock began when the title insurer denied US Bank's claim on May 20, 2010, the six-year period had run by the time US Bank filed this action on August 9, 2016. See VanHaaren v. State Farm Mut. Auto.

5

Ins. Co., No. CIV. 91-309 P, 1992 WL 466400, at *2 (D. Me. May 22, 1992) (noting without comment party's understanding that statute of limitations is six years for UCSPA claims). US Bank has not provided any authority that persuades the Court that the six-year statute of limitations was tolled or extended every time US Bank filed the same claim and received a denial on the same basis from FATIC.[6]

US Bank's core argument in response is that a twenty-year statute of limitations applies. However, the Court concludes that the twenty-year statute of limitations pointed to by US Bank is inapplicable because it concerns personal actions on debt obligations. See 14 M.R.S.A. § 751 ("[P]ersonal actions on contracts or liabilities under seal, promissory notes signed in the presence of an attesting witness, or on the bills, notes or other evidence of debt issued by a bank shall be commenced within 20 years after the cause of action accrues."); U.S. Bank Nat'l Ass'n v. Adams, 102 A.3d 774, 776 n.2 (Me. 2014) (explaining that the twenty-year statute of limitations was inapplicable "because U.S. Bank's cause of action involves an equitable claim against [Defendant]'s ownership interest in the [ ] property *and is not an action to enforce the contested note*") (emphasis added). Because US Bank is not suing on the Mortgage or Note, the twenty-year period is inapplicable.[7]

In short, the Court concludes that US Bank's claims are subject to Maine's six-year statute of limitations and that this limitations period had passed prior to August 9, 2016. As a result, Plaintiff's claims are time barred and subject to dismissal on that basis.[8]

---

[6] To the extent that Weaver v. New Eng. Mut. Life Ins. Co., 52 F. Supp. 2d 127, 130-31 (D. Me. 1999) discusses the possibility that a denial of a claim under Maine's Unfair Claims Settlement Practices Act can be "ongoing," that decision in no way supports the proposition that US Bank's repeated filing of the same claim with FATIC extended the applicable statute of limitations.

[7] The parties do not point to any contractual limitations period or argue that such a period applies.

[8] Given its conclusion that Plaintiff's claims are time barred, the Court need not and does not address Defendants' alternative arguments for dismissal.

## IV.  CONCLUSION

The Court GRANTS Defendants' Motions to Dismiss (ECF Nos. 13 & 24) and hereby DISMISSES Plaintiff's claims.

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 29th day of December, 2016.