UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

US BANK NA AS )
LEGAL TITLE TRUSTEE FOR )
TRUMAN 2013 SC3 TITLE TRUST, )
 )
       *Plaintiff* )
 )
v. ) No. 1:16-cv-00453-GZS
 )
FIRST AMERICAN TITLE )
INSURANCE COMPANY, )
 )
       *Defendant* )

## MEMORANDUM DECISION AND ORDER ON
## DEFENDANT'S MOTION FOR SANCTIONS

Defendant First American Title Insurance Company ("First American") moves for sanctions against plaintiff US Bank NA as Legal Title Trustee for Truman 2013 SC3 Title Trust ("US Bank") for its failure to send a representative with full settlement authority to a scheduled judicial settlement conference. *See* ECF No. 59 (oral motion for sanctions); First American's Motion for Sanctions for Failure to Attend Judicial Settlement Conference (ECF No. 65) (either or both, "Motion"). US Bank objects to the imposition of sanctions or, in the alternative, requests that any sanctions be limited to the cost of the appearance of First American's representative. *See* Plaintiff's Objection to Defendant's Motion for Sanctions ("Objection") (ECF No. 71) at 2-5. For the reasons that follow, I grant First American's motion for sanctions and order US Bank to reimburse First American the sum of $14,318.82, as requested.[1]

---

[1] In the parallel setting of the imposition of sanctions for discovery violations, the First Circuit has held that "[m]otions for sanctions . . . ordinarily should be classified as nondispositive." *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 6 (1st Cir. 1999). While "a departure from this general rule may be necessary in those instances in which a magistrate judge aspires to impose a sanction that fully disposes of a claim or defense[,]" the imposition of a monetary sanction, alone, is nondispositive. *Id.*

1

## I. Applicable Legal Standard

"Federal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (citation and internal quotation marks omitted). "That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* (citation and internal quotation marks omitted). "[O]ne permissible sanction" is an order "instructing a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side." *Id.* "[S]uch a sanction, when imposed pursuant to civil procedures, must be compensatory rather than punitive in nature." *Id.* "In other words, the fee award may go no further than to redress the wronged party for losses sustained; it may not impose an additional amount as punishment for the sanctioned party's misbehavior." *Id.* (citation and internal quotation marks omitted).

Additionally, under Federal Rule of Civil Procedure 16(f), a court may issue "any just orders," including sanctions pursuant to Federal Rule of Civil Procedure 37, "if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A), (C). Rule 16(f) further provides:

> Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f)(2). "Sanctions may be awarded under Rule 16(f) without a finding of bad faith." *Vicente v. Ljubica Contractors LLC*, No. 18-CV-0419 (VSB) (OTW), 2019 WL 2137001, at *4 (S.D.N.Y. May 16, 2019).

The conduct for which courts have imposed sanctions includes failure to comply with court

orders regarding settlement conferences. *See, e.g.*, *Negron v. Woodhull Hosp.*, 173 F. App'x 77, 79 n.1 (2d Cir. 2006) ("Although a court cannot force litigants to settle an action, it is well established that a court can require parties to appear for a settlement conference, and impose sanctions pursuant to Rule 16(f) if a party fails to do so.") (citations and internal quotation marks omitted); *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001) (upholding sanctions award against president of vintage tire company pursuant to Rule 16(f) for failure to appear at mediation session when, although tire company claimed his nonappearance was due to an incapacitating headache and not intentional, he did not notify the parties beforehand that he could not appear).

For purposes of the instant motion, I proceed pursuant to Rule 16(f). *See, e.g., Vicente*, 2019 WL 2137001, at *4 (imposing sanctions for failure to attend three court conferences pursuant to Rule 16(f) rather than, *inter alia*, the court's inherent authority when "sanctions under Rule 16(f) provide[d] a sufficient remedy").

## II. Background

At the request of both parties, I issued an order dated May 23, 2019, scheduling this matter for a settlement conference in my chambers at 10:00 a.m. on July 11, 2019. *See* Procedural Order Setting Case for Settlement Conference ("Order") (ECF No. 53). I ordered that "counsel appear with their clients at such time and place, fully authorized to accomplish settlement of the case and prepared to engage in effective settlement negotiations." *Id*. I further ordered the parties' counsel to "file with the court, on or before July 3, 2019, a written *in camera* statement, not to exceed 5 pages, setting forth in detail the settlement position of the respective party and stating in concise detail the reasons for each aspect of that settlement position." *Id*. I directed that each such statement contain "a clear and concise rationale in support of that party's settlement position[.]" *Id*.

First American timely supplied an *in camera* statement complying with the foregoing directives. On July 9, 2019, six days past its deadline, US Bank submitted its *in camera* statement. First American appeared for the settlement conference through Vincent Ferro, its Vice President and Senior Regional Claims Counsel, who had traveled from Long Island, New York, and had full authority to settle this matter for any reasonable amount. Approximately an hour and a half prior to the scheduled settlement conference, US Bank informed the court that it would not have a representative present. Instead, it arranged for a representative, Roberto Montoya, to participate by telephone. I noted that this raised a serious issue of noncompliance with the court's order. Mr. Montoya indicated that it had been a mistake not to have a representative present, and that there had been a scheduling error. First American's counsel orally moved for sanctions based on the non-appearance. *See* ECF No. 59.

The conference proceeded, adjourning after three-and-a-half hours when a proposed settlement range exceeded Mr. Montoya's authority. I convened a hearing afterward during which counsel for First American renewed its oral motion for sanctions, and I set a schedule to brief that motion, *see* ECF Nos. 59, 60, 63, pursuant to which First American filed its written motion for sanctions on July 24, 2019, *see* Motion. First American also separately filed an itemized bill of fees and costs, totaling $14,318.82, incurred in preparing for and attending the July 11, 2019, settlement conference and briefing the motion for sanctions. *See* First American's Bill of Fees and Costs Related to Settlement Conference ("Bill of Costs") (ECF No. 66).

### III. Discussion

As First American argues, *see* Motion at 1-2, US Bank violated this court's May 23, 2019, order in several ways, most notably by failing to send a representative to the July 11, 2019, settlement conference who had full authority to settle this matter. US Bank also missed its July 3,

2019, deadline to file its *in camera* statement and failed to notify the court and First American until the morning of the conference that it would not appear. *See id*. at 3 (citing *Carrington Mortg. Servs., LLC v. Gionest*, 2:16-cv-00534-NT, 2019 WL 1373647 (D. Me. Mar. 26, 2019)).

US Bank objects to the imposition of sanctions on the bases that its failure to send a representative to appear personally was an oversight, it negotiated in good faith, and the outcome of the settlement conference would have been the same regardless of whether its representative had personally appeared. *See* Objection at 2, 5. It argues that *Carrington* is distinguishable, involving (i) an individual consumer defendant who did not have the same bargaining power as the plaintiff lender, (ii) a history of prior bad-faith negotiations on the part of the lender, and (iii) a request by the consumer for dismissal of the case with prejudice because the lender had failed to provide a written report to the court and inform the consumer of the basis for its denial of her loan modification application. *See id*. at 3-5.

In the alternative, US Bank argues that any sanction should be limited to First American's cost of sending its representative to the settlement conference, which is "commensurate with the harm suffered[,]" both parties having "paid counsel to brief the court before the Judicial Settlement Conference." *Id*. at 5.

*Carrington* does not stand for the proposition that sanctions are not awardable in this case. In *Carrington*, the court had already determined that an award of sanctions was appropriate and, accordingly, focused solely on the calculation of the sum to be awarded. *See Carrington*, 2019 WL 1373647, at *1-2. In any event, any differences between the conduct sanctioned in *Carrington* and that at issue here have little bearing on the merits of the instant motion.

Even accepting that US Bank mistakenly failed to send its representative in person to the settlement conference, its approach to the July 11, 2019, settlement conference, including its tardy

5

*in camera* submission and its notification to the court on the morning of that conference that no representative would personally appear, bespeaks a dismissive attitude toward this court's vital judicially-mediated settlement conference process. Conduct need not be intentional, or undertaken in bad faith, to be sanctionable pursuant to Rule 16(f). *See, e.g., Negron*, 173 F. App'x at 79 (imposing sanctions when, although "the Hospital was free to adopt a 'no pay' position, its failure to bring a principal party was a violation of a court order and impaired the usefulness of the mediation conference"); *Marco Crane & Rigging Co. v. Greenfield Prods. LLC*, No. CV-17-01836-PHX-GMS, 2019 WL 5066823, at *4 (D. Ariz. Oct. 9, 2019) (observing that, "[b]ecause part of the purpose of the sanctioning power is to control litigation and preserve the integrity of the judicial process, sanctions are not only appropriate when the disobedience is intentional but may also be imposed when the disobedience is unintentional.") (citation and internal punctuation omitted).

As First American correctly observes, "The primary purpose of a Judicial [S]ettlement Conference is to bring the parties together face-to-face in a controlled environment where they can focus all of their attention on resolving their dispute." First American's Reply in Support of Its Motion for Sanctions ("Reply") (ECF No. 72) at [1]. First American correctly argues that this purpose was "frustrated" by US Bank's failure to send a representative with full authority to settle this matter to the July 11, 2019, settlement conference, as a result of which "[w]e will never know if this case would have settled if Mr. Montoya had come to Maine with full settlement authority[.]" *Id.*; *see also, e.g., Marco Crane*, 2019 WL 5066823, at *4-5 (observing that "[f]or settlement to be possible, both parties must arrive at the settlement conference with an open mind and a genuine willingness to meaningfully discuss the strengths and weaknesses of each party's case"; noting that "[s]anctions are appropriate under Rule 16(f) when the parties fail to insure an individual with

settlement authority attends the settlement conference" and that "telephonic availability is not sufficient to warrant good faith participation in the settlement conference – nor does it constitute attendance at a settlement conference"). US Bank's violations of the court's May 23, 2019, order, hence, warrant the imposition of sanctions.

US Bank correctly notes that any sanctions for violation of the court's settlement-conference order should be "commensurate with the harm suffered." Objection at 5; Fed. R. Civ. P. 16(f)(2) ("[T]he court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.").

However, the harm suffered by First American is not limited to the out-of-pocket costs of sending its representative to Portland, Maine, as US Bank contends. *See* Objection at 5. First American also incurred attorney fees to prepare for, and participate in, a settlement conference that had no reasonable chance of success, as well as to prepare the instant motion for sanctions. *See* Motion at 3. US Bank has not shown that its noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

First American has submitted a detailed accounting of the hours its attorneys spent on each entry of work, their billable rates, and Mr. Ferro's out-of-pocket costs incurred in traveling to Portland, Maine, for the settlement conference. *See generally* Bill of Costs. This accounting reflects attorney fees totaling $4,634.10 for preparing First American's *in camera* position paper, $4,365.90 for preparing for the settlement conference, $1,447.65 for participating in the settlement conference, and $2,566.35 for preparing the instant motion for sanctions, as well as $1,304.82 in travel costs for Mr. Ferro. *See id.* at 1-3. US Bank does not challenge either First American's

accounting or the reasonableness of those fees and costs. *See generally* Objection. In any event, I independently find that First American's accounting is accurate and that the fees and costs it seeks are reasonable.[2] Hence, I award sanctions against US Bank, and in favor of First American, in the requested sum of $14,318.82.

## IV. Conclusion

For the foregoing reasons, I **GRANT** First American's motion for sanctions against US Bank in the sum of $14,318.82, representing attorney fees and costs needlessly incurred by First American when US Bank's violations of the court's May 23, 2019, order undermined the effectiveness of the parties' July 11, 2019, judicial settlement conference.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 18th day of November, 2019.

                                                          John H. Rich III
                                                          John H. Rich III
                                                          United States Magistrate Judge

---

[2] In time entries for June 13, 14, and 19, 2019, Attorney Glenn Israel did not differentiate between time spent working on the *in camera* filing and time spent on unrelated aspects of this case. *See* Bill of Costs at 5. However, in itemizing its costs, First American allocated portions of the time billed for Attorney Israel's work on those three days to the *in camera* filing, *compare id.* at 1 *with id.* at 5, and did not seek fees for an unspecified portion of 2.0 hours Attorney Israel spent on that filing on June 20, 2019, or of 3.5 hours he spent on that filing on June 26, 2019, *compare id.* at 1 *with id.* at 5-6. Thus, I am satisfied that the accounting overall is accurate and reasonable.